**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIS ALEXANDER SANCHEZ GALINDO, AKA Elvis Galindo, AKA Elvis Sanchez, AKA Elvis Alexander Sanchez, | No.   16-71006 |
| | Agency No. A205-720-056 |
| Petitioner, | |
| | MEMORANDUM[*] |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2022[**]
Pasadena, California

Before:  SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Elvis Alexander Sanchez Galindo, a citizen of Guatemala, petitions for

review of the decision of the Board of Immigration Appeals (BIA) to affirm the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's (IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT). We review for substantial evidence the agency's denial of withholding of removal and CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

To qualify for withholding of removal, Sanchez Galindo has to show that he experienced or will experience persecution inflicted either by the government or by an organization that the government is unable or unwilling to control. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006). To receive protection under CAT, Sanchez Galindo has to prove that it is more likely than not that he would be tortured upon his return to Guatemala by or with the acquiescence of a public official. *See id.* at 1059.

Sanchez Galindo testified extensively at his immigration hearing, however, that authorities in Guatemala successfully investigated, prosecuted, and imprisoned the criminals who were targeting him. In light of the police's extensive involvement in protecting Sanchez Galindo from harm, the IJ correctly concluded, and the BIA properly affirmed, that Sanchez Galindo does not qualify for withholding of removal or protection under CAT.

The petition is **DENIED**.